UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL RAY OLIVER                                                              PLAINTIFF

v.                                    Civil No. 2:16-CV-02180

DEPUTY SHANE DUNCAN,                                                            DEFENDANT
CRAWFORD COUNTY SHERIFF
DEPARTMENT

## MEMORANDUM OPINION AND ORDER

This is a civil rights action filed by Plaintiff, Michael Ray Oliver, pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff is currently incarcerated in the Arkansas Department of Corrections ("ADC"), North Central Unit in Calico Rock, Arkansas. Currently before the Court is Defendant's Motion to Dismiss. (Doc. 14)

The Parties have consented to the jurisdiction of a Magistrate Judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. 17) Pursuant to this authority, the Court finds that Defendant's Motion is ready for decision and issues this Memorandum Opinion and Order.

### BACKGROUND

Plaintiff filed his original Complaint in the Eastern District of Arkansas on July 22, 2016. (Doc. 2) The case was transferred to the Western District of Arkansas by Order entered on July 25, 2016. (Doc. 3) The events referenced in Plaintiff's Complaint allegedly occurred when Defendant, Deputy Shane Duncan, was transporting Plaintiff to the ADC, North Central Unit in Calico Rock, Arkansas. (Doc. 2, pp. 1, 3) Plaintiff was allegedly not secured inside the vehicle with a seatbelt, and he was handcuffed and shackled. (Doc. 2, p. 3)

1

During the trip to Calico Rock, Plaintiff alleges "we were traveling 65 mph back to ADC and [a] car turned in front of us and Sheriff locked his brakes on and I hit the cage head first." (Doc. 2, p. 3)  Plaintiff alleges hurting his neck, back, and suffering a knot on his head from the collision with the cage.  (*Id.*)  Plaintiff states, "I felt like I should have had a seatbelt on because we were traveling for at least four hours and I was shackled and handcuffed."  (*Id.*)  Further, Plaintiff alleges that he did not receive any medical treatment for his injuries for at least two and one-half hours after the incident occurred.  (Doc. 2, p. 4)

Plaintiff brings this action against Defendant in both his official and individual capacities.  (Doc. 2, p. 2)  Plaintiff seeks compensatory damages of "at least $30,000 for pain and suffering and mental stress."  (Doc. 2, p. 4)

Defendant filed his Motion to Dismiss on November 9, 2016.  (Doc. 14)  Plaintiff did not file a response.

**APPLICABLE LAW**

Rule 8 contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft,* 556 U.S. at 678.  While

the Court liberally construes a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support a claim. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

## DISCUSSION

Defendant contends that Plaintiff's Complaint is subject to dismissal for several reasons. (Docs. 14, 15)  First, Defendant asserts that Plaintiff's official capacity claim is "devoid of any alleged custom or policy of Crawford County which resulted in a violation of his constitutional rights." (Doc. 15, p. 3)  Defendant states that no legal basis exists for which Plaintiff may recover damages from Crawford County because no constitutional violations occurred.  (*Id.*)  Even assuming a constitutional violation occurred, Defendant asserts that Plaintiff has not alleged that a policy or custom of Crawford County was the moving force behind any alleged constitutional violations.  (*Id.*)  Second, Defendant maintains that Plaintiff's Complaint merely alleges a claim based on negligence; and, as state actors possess immunity from tort liability, Defendant contends that Plaintiff fails to state a cause of action for which recovery is possible.  (Doc. 15, pp. 3-6) Third, Defendant maintains that he is entitled to qualified immunity based upon the facts alleged by Plaintiff.  (Doc. 15, pp. 7-9)  Specifically, Defendant contends that there is no proof he was deliberately indifferent by having Plaintiff, without a seatbelt, handcuffed and shackled in the backseat of the patrol car.  (*Id.* at p. 9)

### A. <u>Official Capacity Claim</u>

Plaintiff sued Defendant in both his official and individual capacities. (Doc. 2, p. 2)  Under 42 U.S.C. § 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both.  In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court

3

of Appeals discussed the distinction between individual and official capacity suits. The Court explained:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo*, 502 U.S. 21, 112 S. Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.,* 502 U.S. at 24-27, 112 S.Ct. at 361-362 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.*, 502 U.S. at 25-27, 112 S.Ct. at 362."

*Gorman*, 152 F.3d at 914.

Defendant argues that Plaintiff's official capacity claim fails because he has failed to allege that any custom or policy of Crawford County resulted in a violation of his constitutional rights. (Doc. 15, p. 3) An official capacity claim against Defendant is essentially a claim against Crawford County. "[R]igorous standards of culpability and causation must be applied to ensure that the [county] is not held liable solely for the actions of its employee" in cases where a plaintiff claims a county has caused an employee to violate the plaintiff's constitutional rights. *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 405, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) (internal citations omitted).

Here, Plaintiff asserts Defendant failed to secure Plaintiff into a seatbelt and unnecessarily denied prompt medical treatment. (Doc. 2, pp. 3-4) Plaintiff's Complaint, however, fails to allege that his injuries resulted from a policy or custom maintained by the Crawford County Sheriff's

4

Office. Accordingly, Plaintiff's allegations are not sufficient to state a cognizable claim against Defendant in his official capacity.

### B. Individual Capacity Claims

Plaintiff alleges that his injuries resulted from Defendant's failure to secure his seatbelt in the vehicle during the transport to ADC. (Doc. 2, p. 3) Plaintiff also alleges that he received no medical treatment for his injuries for at least two and one-half hours after the incident. (Doc. 2, p. 4) In response, Defendant maintains that these claims merely assert negligence. Constitutional violations under § 1983 must be intentional; claims alleging negligence will not suffice. *Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). In other words, inadvertence and lack of proper care will not amount to deliberate indifference – the standard required for establishing an Eighth Amendment violation. *See Falls v. Nesbitt*, 966 F.2d 375, 377-78 (8th Cir. 1992). When § 1983 claims are framed in terms of negligence, the defendant is entitled to qualified immunity, and he will not be liable for damages. *Procunier v. Navarette*, 434 U.S. 555, 568, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978).

Plaintiff's allegations of Defendant's misconduct do not rise above mere negligence. Defendant is, therefore, entitled to qualified immunity, and Plaintiff's individual capacity claims are subject to dismissal.

### 1. Failure to Secure Seatbelt Allegation

Defendant's failure to secure Plaintiff's seatbelt during the transport to ADC does not rise to the level of deliberate indifference. It is essential for § 1983 claims to allege conduct that meets or surpasses a standard of deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825,

861, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Deliberate indifference is equivalent to criminal law recklessness, i.e., a state of mind "more blameworthy than negligence," yet "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. Failure to secure an inmate's seatbelt does not establish, by itself, deliberate indifference. *See, e.g., Spencer v. Knapheide Truck Equip. Co.,* 183 F.3d 902, 907 (8th Cir. 1999) (police board's utilization of vehicles without seatbelts did not constitute deliberate indifference where handcuffed inmate suffered injuries that rendered him a quadriplegic); *but, see Brown v. Morgan*, 39 F.3d 1184 (8th Cir. 1994) (complaint was sufficient where the plaintiff alleged that the transporting officer refused to fasten the plaintiff's seatbelt, drove recklessly in poor weather conditions, and deliberately sped up after the plaintiff requested for the officer to slow down). *See also, e.g., Mendiola v. Koberlein*, No. 4:12-CV-00006-KGB, 2013 WL 1005479, at *1-2 (E.D. Ark. Mar. 13, 2013) (claim was sufficient when plaintiff, who was not wearing a seatbelt, alleged that the defendant was asked to slow down by an accompanying officer, as well as by in-transit inmates, and subsequent to these requests, the defendant accelerated the vehicle's speed); *but, see Otero v. Catalogne*, No. 08-282 ERIE, 2010 WL 388344, at *1 (W.D. Pa. Sept. 28, 2010) (complaint was insufficient where plaintiff alleged that his injuries arose from the lack of a seatbelt in the vehicle and the vehicle's poor design, as well as the defendant's incompetent and irresponsible driving).

Here, Plaintiff asserts Defendant transported him without securing a seatbelt in light of the fact that Plaintiff was handcuffed and shackled. (Doc. 2, p. 3) Defendant fails to address whether a seatbelt was available for use given Plaintiff's location inside the vehicle. (Doc. 15)

Despite Plaintiff's statement that, "[Defendant] had his seat belt on and I should have [had one on] too," he also fails to specify whether he was positioned near a seatbelt. (Doc. 2, p. 4) Plaintiff does not allege that he asked for a seatbelt to be fastened, nor does he allege that Defendant drove the vehicle in a reckless manner. Although failing to fasten Plaintiff's seatbelt may suggest lack of ordinary care, such failure does not, by itself, elevate Defendant's actions to the level of an Eighth Amendment violation. *See Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (holding that cruel and unusual punishment requires more than "ordinary lack of due care" for an inmate's safety). Accordingly, Plaintiff's seatbelt allegation is not sufficient to state a cognizable claim against Defendant in his individual capacity.

### 2. Delayed Medical Treatment Allegation

Defendant's delay in securing Plaintiff's medical treatment for approximately two and one-half hours does not constitute deliberate indifference.

Plaintiff alleges that he did not receive medical treatment for at least two and one-half hours after suffering his injuries. (Doc. 2, p. 4) Establishing deliberate indifference for delayed medical care includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.' *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)).

To show that he suffered from an objectively serious medical need, a plaintiff must show

he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious" that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted). Although deliberate indifference may be manifested by "intentionally denying or delaying access to medical care," *see Estelle v. Gamble*, 429 U.S. 97, 104-05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the "Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County Hennepin, Minn.,* 557 F.3d 628, 633 (8th Cir. 2009).

The objective seriousness of delay in treatment must be measured by reference to the effect of delay, which must be shown by verifying medical evidence in the record. *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005). Unless, however, the need for medical attention is obvious to a layperson, in which case, the plaintiff need not submit verifying medical evidence to show the detrimental effects of delay. *See Schaub*, 638 F.3d at 919 (citing *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 1999)); *Aswegan v. Henry*, 49 F.3d 461, 464 (8th Cir. 1995); *Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995) (noting that a delay in treatment, coupled with knowledge that an inmate is suffering, can support a finding of an Eighth Amendment violation).

For the subjective prong, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Medical Services,* 512

F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted). It is well settled that a "prisoner's mere difference of opinion over […] a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks and citations omitted). Additionally, the officer's mental state can be inferred from facts that demonstrate that a medical need was obvious and that the officer's response was obviously inadequate. *Barton v. Taber*, 820 F.3d 958, 965 (8th Cir. 2016) (internal quotation marks omitted).

Here, Plaintiff merely alleges that he did not receive medical treatment for at least two and one-half hours after being injured. (Doc. 2, p. 4) Plaintiff alleged neck and back injuries and a knot on his head resulting from his collision with the cage inside the transport vehicle. (Doc. 2, p. 3) Plaintiff fails, however, to expand upon the nature of these injuries. He does not allege details regarding the severity of his injuries, his immediate need for proper medical treatment after the injuries occurred, or that the two and one-half hour delay produced a detrimental effect upon his condition. Plaintiff's Complaint does not contain allegations so obvious that a layperson would recognize Plaintiff's necessity for prompt medical attention. Plaintiff's allegations fail to satisfy the objective component.

Further, Plaintiff's characterization of not receiving prompt medical treatment merely rises to an assertion of negligence. The Complaint simply does not establish that Defendant possessed subjective knowledge of a serious medical need after the incident occurred, nor does the Complaint establish that Defendant deliberately disregarded such a need during the two and one-half hour delay. Plaintiff's allegations fail to satisfy the subjective component.

9

Accordingly, Plaintiff's delayed treatment allegation is not sufficient to state a cognizable claim against Defendant in his individual capacity.

**CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss (Doc. 14) is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** this 14th day of June, 2017.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE